UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SB PB VICTORY, LP,<br><br>     Petitioner,<br><br>v.<br><br>TONNELLE NORTH BERGEN, LLC<br>329 S. Main Street, Suite B<br>Doylestown, PA 18901<br><br>Thomas F. Verrichia<br>329 South Main St., Suite B<br>Doylestown, PA 18901<br><br>     Respondent. | CIVIL ACTION NO. _____<br><br>**Document Electronically Filed**<br><br><br><br><br><br><br><br><u>**VERIFIED PETITION TO CONFIRM ARBITRATION AWARD**</u> |

  Petitioner, SB PB VICTORY, LP., by and through its undersigned attorneys, Reed Smith LLP, hereby submits this Verified Petition to Confirm Arbitration Award, and in support thereof avers as follows:

### **PARTIES**

  1. Petitioner, SB PB Victory, L.P., a Texas limited partnership, has an office located at 301 Commerce, Suite 3200 Fort Worth, TX 76102.

  2. Respondent, Tonnelle North Bergen LLC ("<u>Tonnelle</u>") is a limited liability company duly organized under the laws of the State of New Jersey, with a last known mailing address of 329 S. Main Street, Suite B, Doylestown, PA 18901.

  3. Respondent, Thomas F. Verrichia ("<u>Verrichia</u>") is a natural person having an address of 329 South Main St., Suite B, Doylestown, PA 18901.

### **JURISDICTION AND VENUE**

  4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. The parties in this matter are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as this is the district where Tonnelle and Verrichia both reside.

## BACKGROUND FACTS

7. This is a petition to confirm an arbitration award ("Final Award") governed by the Federal Arbitration Act and awarded pursuant to the terms of a contract between Petitioner and Respondent.

8. On or about August 30, 2019, Tonnelle executed that certain Promissory Note (the "Note") and Construction Loan Agreement (the "Loan Agreement") in favor of Petitioner in the amount of $17,221,780.00 (the "Loan"), pursuant to which Tonnelle agreed to and became obligated for the payment of certain amounts of principal and interest as more fully described therein.

9. Concurrent with the Note, Thomas F. Verrichia executed and delivered Guaranty Agreement (the "Guaranty," and collectively with the Note, the Loan Agreement, the Mortgage (as hereinafter defined) and all other documents executed in connection the Loan, the "Loan Documents") in favor of Petitioner.

10. As security for the obligations under the Note, Tonnelle executed that certain Fee and Leasehold Mortgage Assignment of Rents and Security Agreement and Fixture Filing dated as of August 30, 2019 (the "Mortgage"), pursuant to which, Tonnelle granted Petitioner a mortgage lien on and security interest in all of Tonnelle's right, title and interest in and to the Mortgaged Premises and personal property located at the Mortgaged Premises and which contains the metes and bounds description of the Mortgaged Premises as set forth on the attached

Exhibit A which was recorded in the Land Records for Hudson County on September 19, 2019 at Book 19461, page 982, et seq. A true and correct copy of the Mortgage is attached hereto and incorporated by reference as **Exhibit A**.

11. Section 8.14 of the Mortgage contains a binding arbitration clause binding the parties a follows:

> **8.14 Arbitration**. Mortgagor hereby agrees that all disputes, claims and controversies between the undersigned or between the undersigned and any lender or the holder of this instrument, whether individual, joint, or class in nature, arising from this instrument, or any document executed in connection herewith or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association, upon request of any party. No act to take or dispose of any collateral securing the Note or covered by this instrument shall constitute a waiver of this arbitration provision or be prohibited by the arbitration provision. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise or any right concerning any collateral securing the Note or covered by this instrument, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing the Note or covered by this instrument, shall also be arbitrated, provided however, that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Judgment upon any award rendered by an arbitrator may be entered in any court having jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision. If the Federal Arbitration Act is inapplicable to any such claim or controversy for any reason, such arbitration shall be conducted in accordance with this arbitration provision and the Commercial Arbitration Rules of the American Arbitration Association.

12. Various defaults or events of default under the Note have occurred and are continuing (collectively, the "Events of Default") as outlined below.

13. The Maturity Date under the Note was November 30, 2020.

14. In violation of the Loan Documents, Tonnelle has failed to repay the loan in full on the Maturity Date of the Note (the "Maturity Default").

15. By letter dated December 1, 2020, Tonnelle was notified of the Maturity Default (the "Default Letter").

16. The Maturity Default occurred on November 30, 2020 and Tonnelle has been in default since at least such date.

## ARBITRAL PROCEDURAL HISTORY AND AWARD

17. Tonnelle disputed certain of the events of default noticed by the Petitioner. Tonnelle commenced an arbitration captioned as Tonnelle North Bergen, LLC v. SB PB Victory, L.P., AAA No. 01-20-0015-8668 (the "Arbitration") which is seated in Colorado and to which Tonnelle, Verrichia and the Petitioner are parties.

18. By Initial Award on Phase I entered in the Arbitration on April 23, 2022, the Arbitrator determined that Tonnelle and Verrichia breached the Loan Documents as a result of the Maturity Default. A true and correct copy of the Initial Award issued on April 23, 2022 is attached hereto and incorporated by reference as **Exhibit B.**

19. The Arbitrator further determined that Tonnelle and Verrichia jointly and severally owed Petitioner an amount of no less than $19,335,976.29 as of January 5, 2022 under the Loan Documents.

20. By Order On Respondents Motion To Sever Award On Phase 1 entered in the Arbitration on August 30, 2022, the arbitrator confirmed the Initial Award (see supra) is a Partial Final Award for all purposes (and counsel for all parties acknowledge the intention that such Partial Final Award) which, among other things, can be confirmed by an appropriate court and that with "no additional steps are necessary." A true and correct copy

of the Order dated August 30, 2022 is attached hereto and incorporated by reference as **Exhibit C**.

21. Thereafter, the Arbitrator further issued its Order On Respondents Application For Fees And Costs dated October 12, 2022 in which the Arbitrator awarded fees in the amount of $397,241.28 as the outstanding and unreimbursed fees and costs awarded to the Petitioner as the "prevailing party" in Phase I of the Arbitration. A true and correct copy of the Order dated October 12, 2022 is attached hereto and incorporated by reference as **Exhibit D**.

22. Finally, Order On Respondent's Request For Notarization Of Interim Award And For Clarification Regarding Default Interest entered on November 7, 2022 (the April 23, 2022, the August 30, 2022, the October 12, 2022 and the November 7, 2022 orders constitute the "Final Award"), the Arbitrator held that, under the Phase I Award, Petitioner "is entitled to default interest [i.e., at an interest rate of 15% per annum in the event of default] or the entire time period past the maturity date, regardless of when that occurs, including the post-award or post-judgment periods. A true and correct copy of the Order dated November 7, 2022 is attached hereto and incorporated by reference as **Exhibit E**.

23. More than 30-days has passed since the Final Award has been issued and served on Respondent, but no payment (of any amount) has been made to Petitioner.

24. Respondent has not challenged the Final Order in any way.

25. Pursuant to 9 U.S.C. § 9, this Petition is timely brought within one year of the delivery of the Final Award to Petitioner.

26. The Final Award has not been vacated, modified or corrected by order of any court of competent jurisdiction and is still in full force and effect.

27. Pursuant to 9 U.S.C. § 9, Petitioners are entitled to a judgment confirming the Final Award.

## RELIEF SOUGHT

28. In this action, Petitioner seeks all of the following in judgment:

   a. Confirmation of the Final Award of the Arbitrator by way of a Judgment entered in favor of Petitioner and against Respondents, awarding the following relief:

   i. Affirming the Final Award of the Arbitrator;

   ii. Awarding Petitioner $19,335,976.29 as of January 5, 2022 under the Loan Documents.

   iii. Awarding Petitioner $397,241.28 as the outstanding and unreimbursed fees and costs awarded to the Petitioner as the "prevailing party"

   iv. Awarding post-award interest at the rate specified in the Final Award [i.e., 15%] calculated from January 5, 2022 to the date judgment is entered upon this Petition;

   b. Awarding to Petitioner additional fees incurred in the continuing collection efforts which now include this action, inclusive of attorneys' fees and costs incurred in filing this action, in an amount to be certified to this Court by supplemental application; and

   c. Awarding post-judgment interest at the rates specified in the Final Award upon the total amount in judgment from the time judgment is entered until it is paid, in full, by Respondents.

WHEREFORE, Petitioner respectfully moves this Court to proceed expeditiously and without a hearing under FED. R. CIV. P. 78 and to enter an order confirming the Final Award and awarding such other relief as this Court may deem equitable and just.

**REED SMITH LLP**

/s/ *Derek J. Baker*
Derek J Baker
Three Logan Square, Suite 3100
1717 Arch Street
Philadelphia, PA 19103
215-851-8100

*Attorneys for Petitioner*

Dated: December 19, 2022