**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SB PB VICTORY, L.P.<br><br>          Plaintiff,<br><br>       v.<br><br><br>TONNELLE NORTH BERGEN, LLC, et al.<br><br>          Defendants. | Civil Action No. 2:22-CV-05043 |

**NON-PARTY COZEN O'CONNOR'S RESPONSES AND OBJECTIONS**
**TO SUBPOENA *DUCES TECUM* SERVED BY PLAINTIFF**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, non-party Cozen O'Connor objects and responds to the Subpoena *Duces Tecum* returnable on January 30, 2024, served by Plaintiff in this action, as follows.

## I.      GENERAL OBJECTIONS

The following General Objections shall be considered, as made, to the extent applicable, in response to each of the Requests, as if the General Objections were fully set forth in each such response, including those responses which also set forth specific objections. In the following responses, whenever it is stated that, "Cozen O'Connor will produce" it is meant that Cozen O'Connor will produce, in accordance with Federal Rule of Civil Procedure 45, all responsive, non-privileged, non-confidential documents, if any exist, in its possession and/or under its control, that have not already been produced by others and that are not subject to any other objections stated herein, or applicable court orders, or other motions or objections filed by parties to the case

that would potentially affect the ability of Cozen O'Connor to produce such documents. "Cozen O'Connor will produce" does not mean that documents which are responsive to that particular Request necessarily exist, but only that Cozen O'Connor has searched for responsive documents and will produce the same, to the extent that they exist.

The responses below are based only upon facts known at this time. Further discovery, independent investigation, and analysis may lead to the discovery of additional information and documents, supply additional facts, and add meaning to known facts, as well as establish entirely new facts and contentions, or objections, all of which may lead to additions, changes to, or variations from information or objections in these responses. Accordingly, Cozen O'Connor expressly reserves the right to supplement its responses to the Requests in accordance with the Federal Rules of Civil Procedure or applicable court order or agreement among the parties.

Cozen O'Connor asserts the following General Objections:

1.     **Failure to Reduce Burden on Non-Party**. Cozen O'Connor objects to Plaintiff's failure to take reasonable efforts to reduce the burden and expense on non-party Cozen O'Connor. Non-party status is a significant factor a court must consider when assessing undue burden under the Federal Rules of Civil Procedure. The Subpoena seek documents and information that are not proportional to the needs of the case and result in a burden and/or expense on Cozen O'Connor, a non-party to this action, of responding to the same that outweighs the likely benefits. In particular, Cozen O'Connor objects to the Subpoena to the extent the information sought is in the possession, custody, or control of the parties to the litigation, or other non-parties who are more likely to possess such information. *See e.g. Audiotext Communications Network v. United States Telecom*, 1994 U.S. Dist. LEXIS 185, at \*4 (S.D.N.Y. January 11, 1994) (citing *Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993), for denial of motion to compel production from

non-party, holding "the district court could properly require [defendant] to seek discovery from its party opponent before burdening the nonparty…with [an] ancillary proceeding"). In particular, Cozen O'Connor reasonably believes that the Plaintiff can obtain the requested documents from the parties to the action, or other non-parties more likely to possess such documentation. Plaintiff has not established that it has made any such effort, or the results of any such effort.

2. **Failure to Provide Reasonable Time to Respond.** Cozen O'Connor objects to the Subpoena as it fails to provide a reasonable time to respond under the circumstances, and objects to Plaintiff's failure to agree to reasonable requests to extend the time to respond.

3. **Overbroad and Unduly Burdensome**. Cozen O'Connor objects to the Subpoena as overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1). In particular, the Subpoena contains requests for production without making any showing that such broad demands cannot be reasonably narrowed, contains requests that are unlimited in time, and contains requests that are not limited to relevant matters in dispute.

4. **Vague and Ambiguous.** Cozen O'Connor objects to the use of vague and ambiguous terms, phrases, and definitions in the Subpoena.

5. **Privileged Documents and Information.** Cozen O'Connor objects to the Subpoena because it seeks documents and information that is protected from disclosure by an attorney-client, work product or other applicable privilege. Cozen O'Connor is a law firm. Cozen O'Connor represented Thomas F. Verrichia and Nancy Verrichia in various estate and family trust matters that are the subject of the Subpoena. Absent consent by those clients (which consent has not been received) Cozen O'Connor may not produce information or documents that are protected from disclosure by an attorney-client, work product or other applicable privilege. Cozen O'Connor further objects to preparation and service of a privilege log, to the extent that this would disclose privileged information and would create an undue burden on non-party

Cozen O'Connor.  To the extent that there is any disclosure of protected or privileged information, such disclosure is inadvertent and is not intended to waive any privilege or protection.

6.      **Confidential Information.**  The Subpoena seeks information and documents that are or may be protected from disclosure by federal or state privacy laws or regulations.  The Plaintiff has not offered to enter into any confidentiality agreement or order that would protect such information from improper disclosure under applicable laws or regulations.

7.      **Electronically Stored Information.** Cozen O'Connor objects to the Subpoena to the extent it seeks production of electronically stored information from sources not reasonably accessible *(e.g.,* legacy systems, backup media, temporary or ambient data. or data that would require engineering resources to extract), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found.

8.      **Not Within Cozen O'Connor's Possession, Custody, or Control.** Cozen O'Connor objects to the Subpoena to the extent it purports to require Cozen O'Connor to search for and produce documents not within its possession, custody, or control.

9.      **No Showing of Relevance.** Cozen O'Connor objects to the Subpoena for seeking information without making a showing of relevance as to any issue in the litigation involving the parties, any showing that appropriate notice and authorization have been obtained to access such data, or any showing that the Request is proportional to the needs of the case. *See, e.g.,* Fed. R. Civ. P. 26(b)(1).

10.      **Imposition of Burdens Not Recognized by the Federal Rules.** Cozen O'Connor objects to the Subpoena, to the extent it seeks to impose burdens beyond those recognized by the Federal Rules of Civil Procedure and any other applicable federal and state laws.

## II.     SPECIFIC OBJECTIONS AND RESPONSES

### RESPONSE TO REQUEST NO. 1:

The General Objections above are incorporated by reference.  By way of further response, the Request is objectionable to the extent that it seeks copies of "all trust and/or estate planning documents prepared on behalf of Thomas Verrichia, Nancy Verrichia, or any of the Verrichia company LLCs, LC corps, S corps owned and controlled by Thomas Verrichia and/or Nancy Verrichia over the last 60 months."  This request is overly broad, seeks irrelevant information and seeks documents protected by applicable privileges, including but not limited to attorney-client and work product privileges.  Additionally, the Request seeks protected personally identifiable information ("PII") that may not be produced by Cozen O'Connor.  Without waiving these objections, Cozen O'Connor will agree to produce any responsive documents in its possession, custody and control that its clients consent to produce to Plaintiff, or as ordered by the court.

### RESPONSE TO REQUEST NO. 2:

The General Objections above are incorporated by reference.  By way of further response, the Request is objectionable to the extent that it seeks "all trust or estate planning organizational or formation documents" relating to its clients, without regard to applicable privileges, including but not limited to attorney-client and work product privileges.  This request is overly broad and seeks irrelevant information.  Additionally, the Request seeks protected personally identifiable information ("PII") that may not be produced by Cozen O'Connor.  Without waiving these objections, Cozen O'Connor will agree to produce any responsive documents in its possession, custody and control that its clients consent to produce to Plaintiff, or as ordered by the court.

**RESPONSE TO REQUEST NO. 3:**

The General Objections above are incorporated by reference.  By way of further response, the Request is objectionable to the extent that it seeks "any and all documents" relating to capitalization and funding of trust entities on behalf of Thomas Verrichia, Nancy Verrichia *and her children*, without regard to applicable privileges, including but not limited to attorney-client and work product privileges.  This request is overly broad and seeks irrelevant information.  Additionally, the Request seeks protected personally identifiable information ("PII") that may not be produced by Cozen O'Connor.  Without waiving these objections, Cozen O'Connor will agree to produce any responsive documents in its possession, custody and control that its clients consent to produce to Plaintiff, or as ordered by the court.

**RESPONSE TO REQUEST NO. 4:**

The General Objections above are incorporated by reference.  By way of further response, the Request is objectionable to the extent that it seeks "any and all finalized trust and/or estate planning documents" prepared on behalf of Thomas Verrichia or Nancy Verrichia, without regard to applicable privileges, including but not limited to attorney-client and work product privileges.  This request is overly broad and seeks irrelevant information.  Additionally, the Request seeks protected personally identifiable information ("PII") that may not be produced by Cozen O'Connor.  Without waiving these objections, Cozen O'Connor will agree to produce any responsive documents in its possession, custody and control that its clients consent to produce to Plaintiff, or as ordered by the court.

**RESPONSE TO REQUEST NO. 5:**

The General Objections above are incorporated by reference.  By way of further response, the Request is objectionable to the extent that it seeks "any revocable and irrevocable trusts" prepared on behalf of Thomas Verrichia or Nancy Verrichia, *or their children*, without regard to applicable privileges, including but not limited to attorney-client and work product privileges.  This request is overly broad and seeks irrelevant information.  Additionally, the Request seeks protected personally identifiable information ("PII") that may not be produced by Cozen O'Connor.  Without waiving these objections, Cozen O'Connor will agree to produce any responsive documents in its possession, custody and control that its clients consent to produce to Plaintiff, or as ordered by the court.

Dated:  January 25, 2024

COZEN O'CONNOR

By      */s/ Douglas B. Fox*
Douglas B. Fox
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-665-2017
Email: dfox@cozen.com

*Attorney for Non-Party Cozen O'Connor*

LEGAL\68118079\1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2024, I caused the foregoing **NON-PARTY COZEN O'CONNOR'S RESPONSES AND OBJECTIONS TO SUBPOENA *DUCES TECUM*** to be served via ECF on all counsel of record.

*/s/ Douglas B. Fox*

LEGAL\68118079\1