IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SB-PB VICTORY, LP,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | |
| **TONNELLE NORTH BERGEN, LLC AND THOMAS F. VERRICHIA** | : | NO. 22-CV-05043 |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                    **APRIL 18, 2024**

This motion arises from a breach of contract dispute between Petitioner SB-PB Victory L.P. ("SB-PB") and Respondents Tonnelle North Bergen, LLC and Thomas Verrichia ("Tonnelle"). The parties submitted their dispute to arbitration, which consisted of Phase I and Phase II, both of which are complete. SB-PB now seeks confirmation of the Arbitrator's award for attorneys' fees and costs for Phase I. ECF Nos. 1, 75. For the reasons stated below, the Court confirms the Phase I award for attorneys' fees and costs in the amount of $397,241.28, plus post-award interest.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

The Court writes for the benefit of the parties and will assume the parties' familiarity with the facts and nature of this case. The Court will, however, review the outcomes of Phase I and Phase II with respect to the Arbitrator's award for attorneys' fees and costs.

On April 23, 2022, the Arbitrator issued an Interim Award on Phase I in favor of SB-PB and against Tonnelle, awarding SB-PB the principal sum of $16,573,835.18 plus pre-judgment interest in the amount of $2,762,141.11. ECF No. 75, Ex. A at 23. On August 30, 2022, the

Arbitrator declared the Phase I award a partial final award that could be confirmed. *Id.*, Ex. B at 2. On October 12, 2022, the Arbitrator awarded SB-PB $397,241.28 in attorneys' fees and costs for litigation costs incurred in Phase I, with interest starting to accrue that day. *Id.*, Ex. C at 7.

On December 19, 2022, SB-PB commenced the instant action to confirm Phase I's partial final award of $19,335,976.29 and the attorneys' fees and costs award of $397,241.28. ECF No. 1. Thereafter, the parties, by stipulation, confirmed the Phase I award but postponed confirmation of the Phase I attorneys' fees and costs award until Phase II's award was confirmed. ECF No. 18. On June 20, 2023, the Arbitrator entered Phase II's award of $5,127,443.48 in favor of SB-PB. *See* 2:22-cv-03136, ECF No. 1, Ex. C. The Court confirmed this award on November 9, 2023, *id.* at ECF No. 19, and entered judgment in the amount of $5,127,443.48 plus interest on November 30, 2023, *id.* at ECF No. 22.

With Phase II complete, SB-PB filed a Memorandum of Law in Support of its Motion to Confirm the Arbitration Award for Fees and Costs Dated October 12, 2022, as a Judgment (ECF No. 75) on January 25, 2024. SB-PB requests confirmation of Phase I's award for attorneys' fees and costs as a judgment in the amount of $397,241.28, plus post-award interest of $76,233.08 for the period of October 12, 2022, through January 22, 2023, with per diem interest of $163.24 continuing to accrue as of January 23, 2024. ECF No. 75. Tonnelle has not responded to SB-PB's memorandum.

## II. STANDARD OF LAW

A federal district court's review of an arbitration award "could be generously described only as extremely deferential." *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003). Congress has established a "strong federal policy in favor of commercial arbitration," and a reviewing court must "begin with the presumption that the award is enforceable." *Sutter v. Oxford Health Plans*

*LLC*, 675 F.3d 215, 219 (3d Cir. 2012).

Within this scheme, a court may vacate an arbitration award only in "exceedingly narrow circumstances," *France v. Bernstein*, 43 F.4th 367, 377 (3d Cir. 2022), defined in Section 10 of the Federal Arbitration Act: (1) the award was procured by "corruption, fraud, or undue means"; (2) there was "evident partiality or corruption in the arbitrators"; (3) the arbitrators "were guilty of misconduct" by not considering pertinent and material evidence, or the arbitrators engaged in other misconduct; or (4) the arbitrators "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made," 9 U.S.C. §10(a)(1)-(4). Accordingly, "the test used to probe the validity of a[n] . . . arbitrator's decision is a singularly undemanding one." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 296 (3d Cir. 2010) (internal citation omitted).

### III.    DISCUSSION

SB-PB requests confirmation of the Arbitrator's award for attorneys' fees and costs in Phase I as a judgment in the amount of $397,241.28 plus post-award interest of $76,233.08 for the period of October 12, 2022, through January 22, 2024, with per diem interest of $163.25 continuing to accrue as of January 23, 2024. ECF No. 75 at 4.[1] The Court will confirm the Arbitrator's award.

Under Texas law[2], "to secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney[s]' fees is legally authorized[] and (2) the requested attorney[s]' fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). Further,

---

[1] The default interest rate of 15% is applied to determine the per diem rate.
[2] The issues decided in Phase I of the Arbitration concerned the Loan Agreement between SB-PB and Tonnelle, which contained a choice of law clause requiring Texas law to be applied. Accordingly, the Arbitrator applied Texas law to determine if SB-PB, as the prevailing party, could recover attorneys' fees and costs.

3

under Texas law, "[A]ttorney[s]' fees awards are compensatory in nature, intended generally to make the prevailing party whole as to reasonable and necessary fees for successfully prosecuting or defending against a claim." *Id.* at 489. "Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims." *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).

Notably, Tonnelle has not challenged the Arbitrator's award of attorneys' fees and costs, nor has Tonnelle responded to SB-PB's present request to the Court to confirm the award.[3] Tonnelle's silence aside, the Court finds no evidence that the Arbitrator's award was procured by fraud, partiality, or misconduct, or that the Arbitrator exceeded their power in determining the award. The Arbitrator produced a thorough analysis of the factors outlined in *Rohrmoos* to determine if SB-PB, as the prevailing party, was legally entitled to recovery for fees. First, with respect to *Rohrmoos* element one, the Arbitrator found that the parties' loan documents authorized recovery of attorneys' fees. ECF No. 75, Ex. C at 4. Second, with respect to *Rohrmoos* element two, the Arbitrator found that SB-PB, in enforcing its rights under the parties' loan agreement, incurred $804,278.26 in attorneys' fees charged by the Wicks Phillips firm and $107,880.02 in costs. *Id.* The Arbitrator determined that these amounts were recoverable under the loan agreement and that the amounts reflected reasonable billing hours and rates. *Id.*

The Court further accepts the Arbitrator's finding that other attorneys' fees incurred by SB-PB are not fully recoverable. In addition to Wicks Philips, six other law firms worked on behalf of SB-PB during the litigation process. *Id.* at 6. The Arbitrator deemed these firms as producing

---

[3] Tonnelle has not responded to the Arbitrator's award for Phase I attorneys' fees and costs in the months following entry of judgment for the Phase II award on November 30, 2023 (*See* 2:22-cv-03136, ECF No. 22) or following entry of SB-PB's present memorandum of law in support of its motion to confirm the award on January 25, 2024 (ECF No. 75), other than to stipulate on February 22, 2023, that SB-PB reserves the right to seek confirmation of the award following entry of the Phase II award (ECF No. 18).

4

"duplicate, redundant and unnecessary work" that "could have been done by one firm for substantially less," and accordingly reduced those firms' recoverable fees and costs by 50%, "based on a careful review of the invoices."[4] *Id.* The amount awarded for services provided by the additional firms amounted to $52,150.91. *Id.*

The Court finds the Arbitrator's award for Phase I attorneys' fees and costs enforceable. The Court thus confirms the Arbitrator's award for attorneys' fees and costs in the amount of $397,241.28, plus post-award interest of $76,233.08 for the period of October 12, 2022, through January 22, 2023, with per diem interest of $163.24 continuing to accrue as of January 23, 2024. This amount of $397,241.28 was determined as follows: $856,429.17 ($52,150.91 + $804,278.26) in attorneys' fees plus $107,880.02 in costs, for a total of $964,309.19, less $567,067.91 for amounts previously paid, leaving a balance of $397,241.28.

## IV. CONCLUSION

The Court confirms the Arbitrator's award for attorneys' fees and costs in favor of SB-PB Victory, LP and against Tonnelle North Bergen, LLC and Thomas F. Verrichia in the amount of $397,241.28, plus post-award interest of $76,233.08 for the period of October 12, 2022, through January 22, 2023, with per diem interest of $163.24 continuing to accrue as of January 23, 2024. An appropriate order will be issued.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**

---

[4] The Arbitrator found that fees of $18,952 for one of the additional six firms – Vinson & Elkins – were "excessive for the issues and amount in dispute in this matter," and not recoverable. ECF No. 75, Ex. C at 6. This amount of $18,952 was thus not factored into the amount reduced by 50%. *Id.*