IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SB PB VICTORY, LP,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| **TONNELLE NORTH BERGEN, LLC** | : | |
| **AND THOMAS F. VERRICHIA** | : | |
| *Respondents*. | : | No. 22-cv-05043 |

## MEMORANDUM

**KENNEY, J.**                                                                                                              **July 24, 2025**

SB PB Victory, LP ("SB PB") moves to compel Defendant Thomas Verrichia and non-party Nancy Verrichia (collectively with Mr. Verrichia, "the Verrichias") to comply with subpoenas served on February 27, 2025, which request financial and corporate documentation and require deposition appearances. The subpoenas are part of SB PB's post-judgment efforts to obtain discovery in aid of executing a federal judgment exceeding $30 million. *See* ECF No. 90 at 2. For the reasons set forth below, the Court will **GRANT** Petitioner's Motion (ECF No. 99-3).

### I.   BACKGROUND

This dispute arises from a mortgage loan agreement between SB PB and Defendant Tonnelle North Bergen, LLC, ("TNB") dated August 30, 2019.[1] *See* ECF No. 1-2 at 2. Defendant Thomas Verrichia is the guarantor under the SB PB loan issued to TNB. ECF No. 1 at 2, *Verrichia v. SB-PB Victory, L.P.*, No. 2:23-cv-03136 (E.D. Pa. Aug. 15, 2023). This mortgage contained a binding arbitration clause (Section 8.14). ECF No. 1-2 at 66. The arbitration between the parties

---

[1] SB PB acted as the lender to TNB in its acquisition of property in North Bergen, New Jersey, where TNB intended to develop property for Chick-Fil-A, Inc. and Wawa, Inc. ECF No. 1 at 2, *Verrichia v. SB-PB Victory, L.P.*, No. 2:23-cv-03136 (E.D. Pa. Aug. 15, 2023). TNB and Mr. Verrichia entered into arbitration following SB PB's declaration of claimed defaults. *Id.*

initiated on November 30, 2020, and was conducted in two phases. *See* ECF No. 1 at 2–3, *Verrichia v. SB-PB Victory, L.P.*, No. 2:23-cv-03136 (E.D. Pa. Aug. 15, 2023). This resulted in large monetary awards in favor of SB PB. *See infra* Section I.A.

### A. Arbitration and Federal Judgments

On April 23, 2022, the arbitrator issued an interim award in favor of SB PB in the amount of $16,573,835.18 in principal and $2,762,141.11 in interest. ECF No. 75-1 at 27. That award was later designated as a partial final award on August 30, 2022. ECF No. 75 at 2. An attorney's fees award followed on October 12, 2022, in the amount of $397,241.28, for Phase I of the arbitration. *Id.*

SB PB initiated this federal action on December 19, 2022 seeking to confirm the Phase I award.[2] ECF No. 1. In February 2023, the Court entered judgment in SB PB's favor. *See* ECF No. 18 at 2–3. The award of attorney's fees and costs was stayed at that time, pending the completion of Phases II and III of the arbitration.[3] *Id.* at 2.

Phase II concluded on June 20, 2023, with an additional award to SB PB of $5,127,443.48, plus interest. *See* Petition to Vacate Arbitration Awards, Ex. C, at 7, ECF No. 1-6, *Verrichia v. SB-PB Victory, L.P.*, No. 2:23-cv-03136. This Court confirmed that award on November 9, 2023, ECF No. 19, No. 2:23-cv-03136, and it entered judgment shortly thereafter on November 30, 2023, ECF No. 22, No. 2:23-cv-03136.

---

[2] ECF No. 1. The matter was arbitrated in three phases, with the second and third phases ultimately combined:
> [(I)] focus[ing] on Lender's claims related to [TNB and Mr. Verrichia's] failure to (a) timely pay the Promissory Note; (b) refinance certain projects known as the Refinance Projects with Lender; and (c) pledge Verrichia's partnership interest in a certain project to Lender . . .
> [(II)] focus[ing] on Lender's claims related to [TNB and Mr. Verrichia's] failure to comply with two rights of first refusal provisions under the Construction Loan Agreement . . .
> [(III)] award[ing] any damages related to Phase II rulings.

ECF No. 16 at 2, *Verrichia v. SB-PB Victory, L.P.*, No. 2:23-cv-03136 (E.D. Pa. Aug. 15, 2023).

[3] Following the Phase I confirmation in this court, the parties agreed in arbitration to consolidate Phase II and Phase III into one phase and arbitrated both matters at once. ECF No. 16 at 2, *Verrichia v. SB-PB Victory, L.P.*, No. 2:23-cv-03136 (E.D. Pa. Aug. 15, 2023).

### B. State Court Contempt and Discovery History

Following entry of judgment, SB PB undertook efforts to enforce the judgment across multiple jurisdictions. SB PB points to the fact that it registered the federal judgment in both Pennsylvania and New Jersey to enable the use of those states' courts to assist in collecting the judgment, including by placing liens and pursuing enforcement actions. ECF No. 99-3 at 2. With post-judgment interest, the total amount owed by Respondents now exceeds $30 million. *See* ECF No. 90 at 2.

Charging liens have been entered against Mr. Verrichia's interests in various LLCs and real properties. *See* ECF No. 99-3 at 2. SB PB has pursued these liens in both the Superior Court of New Jersey and the Commonwealth Court of Pennsylvania. *Id.* Despite multiple final judgments and enforcement orders, according to SB PB, the Verrichias have neither complied with their obligations nor raised any formal objections to the subpoenas at issue. *Id.* at 5, 7.

In New Jersey, SB PB domesticated the judgment and pursued discovery through state proceedings. *See* ECF No. 99-8 at 1–2. On September 12, 2023, the Superior Court entered an order restraining property in Avalon, New Jersey, allowing a lis pendens to be filed, appointing a receiver, and making findings that identified badges of fraud. *See* ECF No. 99-3 at 2.

Despite these measures, the Verrichias failed to respond to nearly every order issued. SB PB alleges that the Verrichias are actively attempting to evade enforcement by transferring assets and providing misleading testimony, including during a February 24, 2025 deposition. ECF No. 90 at 2–9. According to SB PB, the Verrichias have ignored five sanctions orders, six deposition orders, and six written discovery orders. *Id.* In response to this pattern, the Superior Court entered six orders striking the Verrichias' answers, including one striking the pleading with prejudice on

December 11, 2024. *Id.* at 4–5. Most recently, on June 9, 2025, the court again struck the Verrichias' answer for failure to comply with discovery. ECF No. 99-8 at 1.

Parallel proceedings in Pennsylvania reflect a similar posture. There, Defendants have been the subject of a pending motion for charging liens, a motion to enforce, and a motion to enforce a writ of execution involving property in Bucks County. *Id.* at 2. SB PB has also sought charging liens against various Pennsylvania properties and business entities connected to TNB and Mr. Verrichia. *Id.* at 2–3.[4]

### C. The Instant Motion

The present motion concerns subpoenas served on February 27, 2025, directed to the Verrichias. The subpoenas seek financial and business records, including documentation that SB PB contends is necessary to identify and execute the judgment against available assets. *See* ECF Nos. 99-9, 99-10, 99-11, 99-12.

Neither individual responded to the subpoenas. They did not appear for their depositions, did not produce documents, and did not file objections or a motion to quash. ECF No. 99-3 at 5, 7. On June 30, 2025, more than four months after service, SB PB moves to compel compliance with these subpoenas. ECF No. 99.

## II.    DISCUSSION

SB PB is entitled to an order compelling compliance with the subpoenas served on the Verrichias. First, the subpoenas seek information that falls squarely within the broad scope of

---

[4] The federal judgment has prompted a series of related post-judgment enforcement actions across multiple jurisdictions. These include: *SB PB Victory LP v. Tonnelle North Bergen LLC*, No. 2:00-cv-05043 (E.D. Pa.); *Tonnelle North Bergen LLC v. SB PB Victory LP*, No. 2:23-cv-03136 (E.D. Pa.); *SB PB Victory LP v. Tonnelle North Bergen LLC*, No. 2023-03979 (Pa. C.P. Bucks Cnty. ); No. 2023-16446 (Pa. C.P. Montgomery Cnty. ); *SB PB Victory LP v. Tonnelle North Bergen LLC*, No. DJ-089573-23 (N.J. Super. Ct., Mercer Cnty.); and Docket Nos. F-004050-21, F-004965-22, and F-013346-22 (N.J. Super. Ct., Hudson Cnty.).

permissible post-judgment discovery, including from third parties closely associated with the debtor. *See Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138–39 (2014). Second, the Verrichias failed to serve timely objections under Rule 45, and their right to challenge the subpoenas is therefore waived. *See* Fed. R. Civ. P. 45(d)(2)(B); *Grupo Mex. SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573, 576 (5th Cir. 2016). Third, after providing notice, SB PB properly moved to compel in the court where compliance is required. The failure to respond or appear justifies an order compelling production. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); 45(g). Taken together, these considerations support granting the Motion.

    A.  **An Order Compelling Compliance Is Warranted Under Rule 45**

Given the Verrichias' failure to respond, appear, or object to the subpoenas at issue, and the pattern of discovery avoidance they have exhibited, an order compelling compliance is warranted. Under Rule 45(d)(2)(B)(i), a party may move at any time to compel compliance with a subpoena, after providing notice to the recipient. Fed. R. Civ. 45(d)(2)(B)(i). After a properly served individual fails without adequate excuse to comply with a subpoena or related court order, the court where compliance is required may hold them in contempt under Rule 45(g). Fed. R. Civ. P. 45(g); *Brentlor, Ltd. v. Schoenbach*, No. 13-CV-6697, 2018 WL 5619951, at *3 (S.D.N.Y. Jan. 9, 2018) (holding that courts should typically first issue an order requiring compliance before a failure to comply is punishable by contempt). Courts have broad authority to enforce compliance through coercive measures. *See, e.g.*, *Sergeeva v. Tripleton Int'l. Ltd.*, 834 F.3d 1194, 1196, 1198 (11th Cir. 2016) (affirming order imposing $500 per day fine until compliance); *Tracfone Wireless, Inc. v. LaMarsh*, 307 F.R.D. 173, 176 (W.D. Pa. 2015) (imposing $200 per day fine until compliance); 2 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* § 45:18 & n.2, Westlaw (database updated June 2025). Although SB PB brings this

motion under Fed. R. Civ. P. 45(g), it is not moving to hold the Verrichias in contempt but instead moving to compel compliance with the subpoena. This Court therefore construes SB PB's Motion to be a motion to compel under Rule 45(d)(2)(B)(i).

Here, the subpoenas fall within the wide range of discovery permitted after a judgment, and because the individuals targeted have close ties to the judgment debtor, the requests are both appropriate and proportionate. Next, the Verrichias' failure to submit timely written objections eliminates any procedural grounds for challenging the subpoenas and weighs in favor of granting the Motion to Compel. Finally, SB PB provided proper notice and filed its Motion to Compel in the appropriate district and now presents a record showing complete noncompliance.

    a. **Permissible and Relevant Post-Judgment Discovery**

Because the subpoenas fall within the broad scope of discovery allowed in post-judgment proceedings, and because the parties subject to them have close ties to the judgment debtor, the requested discovery is both appropriate and proportional. Discovery in aid of execution is governed by permissive standards. Under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may obtain discovery from any person, including third parties, as permitted by the Federal Rules of Civil Procedure or the practice of the state in which the court sits. Fed. R. Civ. P. 69(a)(2). Rule 26(b)(1) further provides that parties may obtain discovery of any nonprivileged matter relevant to a claim or defense, subject to the court's discretion. Fed. R. Civ. P. 26(b)(1). Courts have long recognized that post-judgment discovery may include broad inquiries into a debtor's assets. *See Republic of Argentina*, 573 U.S. at 138–39. Although discovery from third parties is typically limited to information about the judgment debtor's assets, courts allow broader inquiry into where the third party has a close relationship with the debtor. *See GE Betz, Inc. v. Zee Co.*,

718 F.3d 615, 629 (7th Cir. 2013); *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 429–31 (8th Cir. 1998).

Here, in his deposition, Mr. Verrichia stated that Mrs. Verrichia is an owner of DACK Realty, a relevant entity, and identified her as a signor on a Citizens Bank account that receives substantial funds from another entity at issue this case, ATNV Realty Trust. ECF No. 90 at 6–7. He also testified that her earnings were misclassified in financial documents and questions remain regarding the nature of the payments she received in her role. *Id.* This testimony establishes that Mrs. Verrichia, a third party, maintains a close relationship with the debtor.

### b. Waiver of Objection to Subpoena by Failure to Timely Respond

The Verrichias' failure to serve timely written objections eliminates any procedural basis to challenge the subpoenas and supports granting the Motion to Compel. Rule 45(d)(2)(B) permits the recipient of a subpoena to serve written objections, but the objection must be made before the earlier of the time for compliance or 14 days after service. Fed. R. Civ. P. 45(d)(2)(B). Failure to do so results in waiver of the right to object. *See Grupo Mexico*, 821 F.3d at 576; *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990).

Neither of the Verrichias served objections or otherwise responded to the subpoenas served on February 27, 2025. *See* ECF No. 99-3 at 5, 7. No motions to quash or requests for extensions were filed, and no justification has been offered for the noncompliance. *Id.* More than four months have passed since service, far exceeding the response deadline under Rule 45. *Id.* Because the Verrichias did not object within the required timeframe, any challenge to the scope or content of the subpoenas is waived.

### c. Noncompliance Warranting Basis to Compel

SB PB properly provided notice and moved to compel in the correct district. The record reflects total noncompliance: SB PB states that the Verrichias did not appear for their depositions, did not produce documents, and did not file objections. ECF No. 99-3 at 5, 7. Moreover, this is not the first instance of discovery noncompliance. The Verrichias have repeatedly ignored court orders and discovery obligations across multiple proceedings. *See* ECF No. 90 at 2–5; *supra* I.B. This persistent pattern of defiance, combined with the failure to respond to the present subpoenas, brings this matter squarely within the scope of Rule 45. The Court has both the authority and the basis to compel compliance.

### III. CONCLUSION

For the reasons stated above, the subpoenas issued to Mr. and Mrs. Verrichia seek appropriate post-judgment discovery, any objections to them have been waived, and the total failure to respond warrants an order compelling compliance. The Motion will be **GRANTED**. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**